UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CENK OZER, | CASE NO. C25-5801 BHS |
| Plaintiff, | ORDER |
| v. | |
| GLOBAL AEROSPACE, INC., | |
| Defendant. | |

THIS MATTER is before the Court on the following motions: pro se plaintiff Cenk Ozer's Response, Dkt. 8, to defendant Global Aerospace's Answer, Dkt. 6; Global's motion to strike Ozer's filing as procedurally improper and without a good faith basis, Dkt. 12; and Ozer's responsive "second motion to expedite jury demand," Dkt. 13.

A pro se litigant is not held to the same standard as a licensed attorney. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). Regardless of technical deficiencies, a pro se litigant's pleading—his complaint—should be judged only by function, not form. *Id.* This rule is almost uniformly applied when a pro se plaintiff is seeking *in forma pauperis* status, or defending a motion to dismiss.

ORDER - 1

1       But this rule of liberal construction does not apply to a pro se litigant's own
2  motions; a pro se plaintiff is not immune from the rules of civil procedure. Although the
3  Court must construe his complaint liberally, a pro se litigant "must follow the same rules
4  of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.
5  1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 925–28
6  (9th Cir. 2012). Pro se litigants in the ordinary civil case should not be treated more
7  favorably than parties with attorneys of record. *Jacobsen v. Filler,* 790 F.2d 1362, 1364
8  (9th Cir. 1986)).

9       Ozer's filing at Dkt. 8 is procedurally improper. The Federal Rules of Civil
10 Procedure and this District's Local Rules do not permit or require a plaintiff to respond to
11 a defendant's answer unless it asserts an affirmative defense or a counterclaim. The filing
12 articulates Ozer's arguments and claims, and purports to attach the underlying insurance
13 policy, but it is not a motion for summary judgment or for other affirmative relief. Ozer
14 does not have standing to prosecute Global for what he asserts is the crime of insurance
15 fraud; only a prosecutor may bring criminal charges in this court. To the extent Ozer's
16 filing, Dkt. 8, seeks affirmative relief as a motion, it is **DENIED**.

17       Global's motion to strike this filing, Dkt. 12, is **GRANTED** and it is **STRICKEN**.

18       Ozer's motion for an expedited jury demand, Dkt. 13, is also procedurally
19 improper, and he has not demonstrated a need for this case to be treated differently than
20 any other civil case pending in this court. Ozer should familiarize himself with the Rules
21 that govern filings, motions, discovery, and trials in this District. The parties shall meet
22 and confer and file a Joint Status Report under Local Rule (LCR) 16(a)(2): "In their joint

status report, the parties must address all of the topics set forth in Fed. R. Civ. P. 26(f)(3) and in LCR 26(f)." They should do so within 30 days.

The clerk will then issue a scheduling order including deadlines for required disclosures, discovery, motions, and a trial date. The Court is unlikely to address any other motions until the Joint Status Report is filed.

Ozer's motion to expedite jury demand, Dkt. 13, is **DENIED**.

IT IS SO ORDERED.

Dated this 7th day of November, 2025.

BENJAMIN H. SETTLE
United States District Judge